# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHAD MILLER,

                    Petitioner,

v.                                                    Case No. 25-CV-563-JPS

PETER JAEGER,

                                                              **ORDER**

                    Respondent.

## 1.    INTRODUCTION

On April 18, 2025, Petitioner Chad Miller ("Miller") filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and paid the filing fee. ECF No. 1; *id.* Docket Annotation. The Court screened the petition in June 2025 and found that it was likely time-barred. ECF No. 4. The Court ordered Miller to show cause, if any, why his application for relief under § 2254 was not time-barred. *Id*. at 4. Miller filed a brief on timeliness in July 2025. ECF No. 9. Respondent Peter Jaeger ("Jaeger") filed a response brief in October 2025.[1] ECF No. 13. The issue of timeliness is now fully briefed,[2] ECF Nos. 9 and 13, and ready for disposition. For the reasons discussed below, the Court finds that Miller's petition is untimely, and that

---

[1]Jaeger moved twice for an extension of time within which to file his response brief, ECF Nos. 10 and 12. His second motion remains pending at the time of this Order. The Court will accordingly grant Jaeger's second motion for an extension, ECF No. 12.

[2]The Court notes that it did not afford Miller a reply brief, *see* ECF No. 4 at 4, so the issue is fully briefed with only Miller's original brief, ECF No. 9, and Jaeger's response, ECF No. 13.

no exception applies. As such, the Court will deny the petition and dismiss this action with prejudice.

## 2. FACTUAL BACKGROUND

Miller challenges his conviction in Walworth County Circuit Court Case No. 92CF279 that was entered on July 1, 1993. ECF No. 1 at 2. As recounted by the Wisconsin Court of Appeals' most recent decision (entered April 3, 2024) in his case, in 1992, Miller and a co-actor broke into a pharmacy and stole two garbage bags full of drugs. ECF No. 1-1 at 29.[3] Miller was charged with burglary and theft of property greater than $2,500.00, both as party to a crime and as a repeater. *Id*. After his arrest, Miller broke out of jail and was additionally charged with escape.[4] *Id*. Miller pled guilty to the charged offenses and the parties made a joint sentencing recommendation, which the sentencing court adopted. *Id*. Miller was sentenced to a total of eight years' imprisonment on the burglary and escape charges; as to the theft charge, the court imposed and stayed a sixteen-year prison sentence in favor of a sixteen-year term of probation. *Id*.

In 2018, Miller's probation was revoked. *Id*. In June 2022, Miller moved for resentencing, relying on Wisconsin Statute § 974.06. *Id*. at 29–30. The circuit court denied Miller's motion as well as a later filed motion for reconsideration. *Id*. at 30. On appeal to the Wisconsin Court of Appeals,

---

[3]The decision may also be found at *State v. Miller*, Nos. 2022AP2126-CR and 2022AP2127-CR, 7 N.W.3d 716 (Table), 2024 WL 1433888 (Wis. Ct. App. Apr. 3, 2024).

[4]The escape received a new case number, Walworth County Circuit Court Case No. 93CF95, though it seems that he was ultimately sentenced at the same time for the two cases. *See* ECF No. 1 at 2 (referencing case number 92CF279 for the burglary and theft counts and case number 93CF95 for the escape count); ECF No. 1-1 at 29 (describing one sentencing hearing for all three counts).

Miller challenged the circuit court's denial of his Wisconsin Statute § 974.06 motion and his motion for reconsideration.[5] *Id*. at 29. On April 3, 2024, the Wisconsin Court of Appeals affirmed the circuit court's ruling. *Id*. at 28. On October 7, 2024, the Wisconsin Supreme Court denied Miller's petition for review. *Id*. at 40.

Now, Miller seeks habeas relief on the following grounds: (1) the sentencing court failed to determine, "by admission or evidence," that he stole the items missing in the complaint; (2) the sentencing court failed to address the value of the missing items; (3) the sentencing court did not know whether Petitioner's actions fit the crimes charged; and (4) the sentencing court sentenced him to a term of probation longer than allowed by Wisconsin law. ECF No. 1 at 6–9.

**3.     ANALYSIS**

   **3.1     Timeliness**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on a petitioner's habeas petition; it requires a petitioner to file his federal habeas petition within one year from the latest of:

   (A) the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

---

[5]Again, given the relatedness of 92CF279 and 93CF95, the decision by the state court was rendered in one opinion, and so when it went up on appeal, the Court of Appeals also rendered its decision in one opinion, rather than two separate opinions. *See* ECF No. 1-1 at 29–39.

the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Subsection (2) of the same statute provides for tolling of the one-year period for properly filed state post-conviction motions. 28 U.S.C. § 2244(d)(2). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded, followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

Here, Miller's petition is untimely. Miller does not argue that there are any new rights made retroactive such that 28 U.S.C. § 2244(d)(1)(C) would apply, nor does he argue that the government interfered in any way as described by 28 U.S.C. § 2244(d)(1)(B). *See generally* ECF No. 9; *see Williams v. Bd. of Educ.*, 982 F.3d 495, 507 n.30 (7th Cir. 2020) (arguments not raised in the opening brief are waived (citing *United States v. Dvorkin*, 799 F.3d 867, 874 n.16 (7th Cir. 2015))). Moreover, the judgment underlying this petition became final decades ago. On July 1, 1993, the circuit court accepted Miller's guilty pleas as to the counts of burglary and theft of property in Milwaukee County Circuit Case No. 1992CF279 and sentenced Miller. *See*

ECF Nos. 1 at 2; 1-1 at 5–18 and 13-1. As the Wisconsin Court of Appeals noted, those sentencing decisions were based on the factual basis that his defense counsel stipulated to, and that the record otherwise reflected. ECF No. 1-1 at 30–33. To make his challenge to those findings, or otherwise seek such relief, Miller had twenty days to file notice of an intent to pursue postconviction relief under Wisconsin Statute § 809.30(2)(b). However, in the decades that followed, Miller admits that he "never submitted a direct appeal" related to any of his convictions. ECF No. 9 at 1. Accordingly, Miller's petition is untimely under 28 U.S.C. § 2244(d)(1)(A).

The final possibility, 28 U.S.C. § 2244(d)(1)(D), also does not apply, despite Miller's contentions to the contrary. The Court will lay out each argument in turn. Miller first argues that his "original sentence to probation [related to his theft charge] was modified and revoked by the Division of Hearings and Appeals on October 10, 2018, which fundamentally altered Miller's sentence for the worse, and is the basis of his current § 2254 petition." ECF No. 9 at 3. Specifically, he claims the "Revocation Order and Warrant issued by the Division of Hearings and Appeals . . . effectively modified Miller's original sentence by lifting the court's order of a stayed sentence and imposing a sixteen-year term of imprisonment." *Id*. (internal quotation marks omitted). Miller also argues that the "due diligence requirement to exhaust all state remedies" under § 2244(d)(1)(D) did not start to run until "the Division of Hearing and Appeals" issued the "revocation warrant." *Id*.

These arguments are not persuasive. To start, the Court appreciates that Miller is correct insofar as "the proper understanding of a revocation of supervised release," or, in this case, probation, "is . . . that by engaging in prohibited conduct (criminal or not)" while serving that noncustodial

portion of the sentence, "a defendant triggers a condition that permits modification of the terms of his original sentence." *U.S. v. Wyatt*, 102 F.3d 241, 245 (7th Cir. 1996) (citing *Ralston v. Robinson*, 454 U.S. 201, 220 n. 14 (1981)). Even so, the timeliness of a petition "is calculated based on the date of the final judgment that his petition challenges," which here is his 1992 burglary and theft charges. *Turner v. Brown*, 845 F.3d 294, 298 (7th Cir. 2017). "To hold otherwise would violate 28 U.S.C. § 2244(d)(1)." *Crabb v. Eckard*, No. 1:CV–14–0471, 2014 WL 3557803, at \*3 n.3 (M.D. Pa. July 15, 2014); *see also Boody v. United States*, Case Nos. 2:23-cr-00140-LEW-1 and 2:25-cv-00105-LEW, 2026 WL 127616, at \*2 (D. Maine Jan. 16, 2026) ("[T]o hold otherwise would give defendants an incentive to violate supervised release in order to restart the clock on their original conviction." (quoting *United States v. Akhter*, Case No. 1:15-CR-124, 2020 WL 4353560, at \*5 (E.D. Va. July 29, 2020))); *cf. Turner*, 845 F.3d at 298 (providing similar rationale in the context of the resentencing following a successful habeas petition).

Furthermore, "even if the revocation . . . reset the habeas counter, it would only do so with respect to the terms of defendant's [noncustodial portion of the sentence] and would not permit defendant to challenge his underlying sentence and conviction." *Boody*, 2026 WL 127616, at \*2 (quoting *Akhter*, 2020 WL 4353560, at \*5) (discussing the problem in the context of § 2255 petitions). And here, Miller is challenging only his underlying conviction, rendering this appeal almost three decades too late. By extension, his related argument suggesting that exhaustion timeline is delayed or otherwise paused because of when the Division of Hearing and Appeals issued the revocation warrant also fails.

Again, Miller had to start the appellate process before the turn of the century to challenge the underlying conviction. Miller did not and has not

in the decades that followed. As such, to proceed, Miller must show that equitable tolling applies, or that he is actually innocent, as discussed below.

### 3.2 No Exceptions Apply

"Equitable tolling is an exceptional remedy that is sparingly applied." *Riley v. Wisconsin*, Case No. 13-cv-253-slc, 2015 WL 7294545, at *3 (W.D. Wis. Nov. 17, 2015) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) and quoting *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013) ("Equitable tolling is an extraordinary remedy and so 'is rarely granted.'")). A petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). "The petitioner bears the burden of proving that equitable tolling is warranted." *Id.* (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) and *Clements*, 700 F.3d at 1007).

In this case, there is no reason to apply equitable tolling. First, Miller does not argue that it applies even though it is his burden. *See generally* ECF No. 9. Second, Miller's lack of action for all these years shows that he has not acted with due diligence. *Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013) (noting that a petitioner's lack of action for months tends to show that he has not acted with reasonable diligence). If Miller disputed the factual basis for his conviction, he could have requested a copy of the police report and any witness statements at that time. *Riley*, 2015 WL 7294545, at *3 ("Even if he did not see the victim statement at the time, he could have requested a copy of the police report and any statement made by the victim."). But he took no action at all until his revocation.

Finally, Miller does not meet the actual innocence exception that would remove the impediment of the "expiration of the statute of

limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To the contrary, Miller states that he "is not contesting his guilt . . . in any of the above described matters." ECF No. 9 at 1. Miller "readily admit[s]" to "entering Lakeland Hospital for the purpose of theft, and . . . removing prescription drugs without permission, as well as having escaped custody of the Walworth County Jail." *Id*. Thus, the Court will deny his habeas petition with prejudice.

## 4. CERTIFICATE OF APPEALABILITY

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. To obtain a certificate of appealability, the applicant typically must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). Where denial of relief is based on procedural grounds, the petitioner must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Generally, this means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citations omitted).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate is warranted, it is not necessary to do so here because the briefing was adequate to resolve the procedural issues in this case. Because reasonable jurists would not debate whether a different result was required, a certificate of appealability will be denied.

## 5.  CONCLUSION

At the end of the day, Miller has filed this habeas petition nearly three decades too late and no reasonable jurist would debate that. Miller's petition will be denied, and this case will be dismissed with prejudice.

Accordingly,

**IT IS ORDERED** that Respondent Peter Jaeger's motion for the extension of time to file a response brief, ECF No. 12, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Petitioner Chad Miller's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, be and same is hereby **DENIED** as untimely;

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED with prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of May, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* FED. R. APP. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* FED. R. APP. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* FED. R. CIV. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.